UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CURTISS SPOTFORD,

                                     Plaintiff,

                                              DECISION AND ORDER
vs.                                              07-CV-6271 CJS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                     Defendant.

_____

**APPEARANCES**

For Plaintiff:                           Gregory T. Phillips, Esq.
                                          Segar & Sciortino
                                          400 Meridian Centre Suite 320
                                          Rochester , NY 14618
                                          (585) 475-1100

For the Commissioner:          Brian M. McCarthy
                                          John J. Field
                                          Jennifer Steward[1]
                                          U.S. Attorney's Office
                                          100 State Street Room 620
                                          Rochester , NY 14614
                                          (585) 263-6760

**INTRODUCTION**

    **Siragusa, J.** Plaintiff Curtiss Spotford ("Plaintiff") appeals the Commissioner's decision which found that he was not eligible for supplemental security income ("SSI")

---

[1] Assistant United States Attorneys McCarthy and Field prepared the papers, and the matter was argued for the Commissioner by student law clerk Jennifer Steward pursuant to Western District of New York Local Rule of Civil Procedure 83.6 and this Court's Order entered on July 15, 2008 (Docket No. 10).

benefits under the Social Security Act. Plaintiff claims he is disabled as a result of: depressive disorder, NOS; personality disorder, NOS; history of substance dependence in sustained full remission; degenerative disc disease; degenerative joint disease; and obesity. Now before the Court is the Commissioner's motion (Docket No. 6) for judgment on the pleadings. For the reasons stated below, the application is granted.

## BACKGROUND

Plaintiff filed an SSI application on April 4, 2002. That application was denied and Plaintiff then requested a hearing. A hearing was held before an Administrative Law Judge ("ALJ") on November 22, 2007, and a supplemental hearing was held on March 27, 2006. On July 12, 2006, the ALJ issued a decision denying Plaintiff's claim. Then on March 23, 2007, the Appeals Council denied Plaintiff's request for review. Subsequently, on May 29, 2007, Plaintiff filed this action.

## DISCUSSION

I.  Jurisdiction and Standard of Review

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. The issue to be determined by this Court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

Under the regulations, a treating physician's opinion is entitled to controlling weight, provided that it is well-supported in the record:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 416.927(d)(2); 20 C.F.R. § 404.1527(d)(2).  However, "[w]hen other substantial evidence in the record conflicts with the treating physician's opinion . . . that opinion will not be deemed controlling.  And the less consistent that opinion is with the record as a whole, the less weight it will be given." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)(*citing* 20 C.F.R. § 404.1527(d)(4)).

## ANALYSIS

Plaintiff argues that: (1) the ALJ failed to follow the treating physician rule; (2) the ALJ failed to properly consider or discuss the other medical opinions which validated Plaintiff's allegations of mental illness; and (3) the ALJ "effectively ignored" the testimony of the testifying medical expert and instead gave excessive weight to consultative psychiatric examiner Melvin Zax, Ph.D.

### *Disregarding Dr. Frank Langelotti's opinions*

At the outset, the Court determines that the ALJ properly followed the treating physician rule when he disregarded Dr. Frank Langelotti's ("Langelotti") opinions. Langelotti, one of Plaintiff's treating physicians, did not provide objective medical evidence to support his opinions. Drs. Samuel Balderman and S. Mastrogiacomo both stated that while Plaintiff had some limitations, he was not severely disabled to the point of not being able to work.

Further, discrepancies in Langelotti's reports detract even more from his credibility. When Langelotti examined Plaintiff on October 4, 2004 (Record at 269-70), he noted that Plaintiff had no physical functional limitation sitting at work. On the next two examinations, June 21, 2005 (Record at 271-72) and February 7, 2006 (Record at 304-05), Langelotti noted that Plaintiff had a "moderate" physical functional limitation. When Langelotti examined Plaintiff on October 4, 2004 (Record at 269-70), he noted that Plaintiff had no physical functional limitation in the area of "seeing, speaking, hearing," but then on June 21, 2005 (Record at 271-72), Langelotti reported that Plaintiff had a moderate limitation in those areas. Subsequently, though, in his February 7, 2006 (Record at 304-05), examination of Plaintiff, Langelotti concluded that Plaintiff had no physical functional limitation for "seeing, speaking, hearing." Moreover, while Langelotti on October 1, 2004, and on June 21, 2005, Langelotti reported that Plaintiff was very limited in the area of "stairs/climbing" (Record at 269, 271), on February 7, 2006, he reported that Plaintiff was only moderately limited in such area (Record at 304).

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") for light exertional physical work, finding that Plaintiff could lift and/or carry occasionally up to 20 pounds and could frequently lift and/or carry 10 pounds. He further concluded that Plaintiff could stand and/or walk six or more hours in an eight-hour day and could sit six or more hours in an eight-hour day. (Record at 513.) The ALJ's physical RFC conclusion is supported by consultative examining physician Samuel Balderman, M.D., who stated that Plaintiff has only a moderate limitation in squatting, bending, lifting and carrying due to deconditioning and some early degenerative disease of knees. (Record at 223.)

Because Langelotti did not have objective medical evidence to support his opinions and because there were discrepancies in his own reports, the Court concludes that the ALJ properly applied the treating physician rule when he decided not to give controlling weight to Langelotti's opinion. Accordingly, Plaintiff's first argument fails.

***Plaintiff's allegations of mental illness***

The ALJ also properly applied the treating physician rule by giving controlling weight the conclusions of Dr. Donald Banzhaf, Plaintiff's treating psychiatrist, who stated that he believed Plaintiff to be malingering. In that regard, Dr. Banzhaf's opinion is supported by objective medical evidence in the record.

Banzhaf's conclusion is further supported by the testimony of Dr. Marvin Gardner, who concluded:

> It is my opinion with a reasonable degree of psychiatric certainty that Mr. Curtis Spotford, although suffering from and receiving treatment for his depression, anxiety and personality disorders, does not present an incapable of attending…the recommended training work program suggested by his treating team based on psychiatric impairment alone.

(Record at 485.) Dr. Gardner more specifically concded that Plaintiff's claim that he suffered from psychosis was not convincing. Dr. Gardner observed that Plaintiff's testimony contradicted his alleged blackouts because Plaintiff was able to testify to the number of blackouts he had suffered when the details of a true blackout would be difficult to recall. (Record at 506.) Additionally, the ALJ's reliance on Bazhaf's opinion is supported by the results of a consultative psychiatric examination conducted by Melvin Zak, Ph.D., who reported, "I am skeptical as to whether he is truly psychotic and on that basis feel that the examination results are not consistent with his allegations." (Record at 230.)

The Court therefore concludes that the ALJ also properly followed the treating physician rule by giving controlling weight to Dr. Banzhaf's opinion. Accordingly, Plaintiff's contention to the contrary must fail.

## CONCLUSION

For the reasons discussed above, Plaintiff's application is denied and the Commissioner's motion for a judgment on the pleadings is GRANTED.

IT IS SO ORDERED.

Dated: September 19, 2008
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge